**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1462
_____

DANY FRANCISCO PAREDES ESQUIVEL,
Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
(Agency No. A097-537-610)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a):
January 28, 2020
_____

Before: CHAGARES, RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: March 24, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Dany Francisco Paredes Esquivel petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from the denial of his application for deferral of removal under the Convention Against Torture ("CAT"). For the following reasons, we will deny Paredes Esquivel's petition.

**I.**

Paredes Esquivel is a native and citizen of Guatemala. He was born in the town of Jutiapa Quesada and lived there most of his life. He first entered the United States in 2001 on a tourist visa, which he overstayed. In 2007, he returned to Guatemala to spend time with his ailing mother. During this time, he managed an auto parts store. Over the course of several months, various police officers came to the store demanding money.

On one occasion in November 2007, when Paredes Esquivel said he did not have money to give them, a police officer hit him on the head with his gun, knocking him unconscious and causing him to bleed profusely. Paredes Esquivel reported these actions to the Guatemalan authorities, but they were unable to track down the officers given the minimal evidence he was able to provide. He went back to work at the auto parts store in January 2008, and soon after, certain police officers returned, threatened him, and physically assaulted him.

Around one month later, he tried to return to the United States on a tourist visa but was apprehended by U.S. authorities. At that time, he claimed he was coming to get married and did not indicate that he was fleeing any harm or that he feared returning to Guatemala. He was denied entrance.

2

Paredes Esquivel returned to Jutiapa Quesada around February 2008. The police officers located him again and called him, threatening that he would face consequences if he did not stay silent. Paredes Esquivel kept a low profile but continued to leave the house to work on his father's farm each day. He lived in Jutiapa Quesada for over ten months without physical confrontations. In January 2009, Paredes Esquivel managed to reenter the United States without authorization.

Almost ten years later in January 2018, Paredes Esquivel was taken into custody by the Department of Homeland Security. At that time, an asylum officer conducted a reasonable fear interview and found that Paredes Esquivel demonstrated a reasonable fear of returning to Guatemala. Paredes Esquivel then applied for withholding of removal under the Immigration and Nationality Act and deferral of removal under CAT. He claimed that Guatemalan police officers have called his brother demanding money and threatening Paredes Esquivel as recently as late 2017. The Immigration Judge ("IJ") denied the application. Paredes Esquivel appealed the IJ's decision to the BIA, which dismissed his appeal.

He now petitions this Court for review of the BIA's decision. Paredes Esquivel is only challenging the portion of the IJ's decision with respect to CAT.

**II.**

The BIA had jurisdiction to review the decision of the IJ under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction to review the BIA's final decision pursuant to 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the

3

decisions of both the IJ and the BIA." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review legal questions *de novo*, with appropriate deference to the BIA's interpretations of the INA, and defer to findings of fact that are supported by substantial evidence. *Valdiviezo-Galdamez v. Att'y Gen. U.S.*, 663 F.3d 582, 590 (3d Cir. 2011).

### III.

"An applicant for relief on the merits under [CAT] bears the burden of establishing 'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Sevoian v. Ashcroft*, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). This standard "has no subjective component, but instead requires the alien to establish, by objective evidence that he is entitled to relief." *Id.* at 175 (internal quotation marks omitted).

The BIA properly concluded that Paredes Esquivel failed to meet this requirement. As the IJ and the BIA found, the last time the police officers attacked Paredes Esquivel was more than ten years ago. His most recent visit to his hometown in Guatemala lasted almost one year without incident. He was not physically attacked, and the threats remained unfulfilled, even though the police officers had tracked him down. Though Paredes Esquivel claims to have been in hiding, his alleged persecutors knew where to find him, and he was in public view when he went to work on his father's farm each day. This is not a case in which a petitioner avoided harm only because he was living "in hiding underground" or because his assailants could not find him after he relocated. *Gambashidze v. Ashcroft*, 381 F.3d 187, 193 (3d Cir. 2004). In the absence of any other

4

evidence indicating a risk of future harm, the IJ's and the BIA's determination was supported by substantial evidence.

While the IJ and the BIA also relied on the fact that Paredes Esquivel's family continued to live in the same town without experiencing harm, this is not dispositive of any risk of future harm against Paredes Esquivel if returned. Paredes Esquivel fears being violently extorted by police officers targeting him specifically; he does not claim he was tortured based on any characteristics he shares with his family members. *See Vente v. Gonzales*, 415 F.3d 296, 302 (3d Cir. 2005) ("The status of Vente's family is irrelevant to an inquiry into whether his *own* fear of persecution by paramilitary organizations upon return to Colombia is subjectively and objectively reasonable."); *accord Crespin-Valladares v. Holder*, 632 F.3d 117, 127 n.6 (4th Cir. 2011) ("Nor does the fact that Crespin's children remained unharmed in El Salvador while he first visited the United States undermine the reasonableness of Crespin's own fear of persecution, for Crespin's fear is premised on threats directed at him personally."). Thus, the IJ's and the BIA's focus on this evidence was "misplaced." *Vente*, 415 F.3d at 302.

More relevant is that Paredes Esquivel did not express any fear of returning to Guatemala when he was first apprehended by U.S. authorities in January 2008, right after the attacks had occurred, suggesting that he did not consider the risk of future harm to be significant enough to seek protection at that time. Indeed, once back in Guatemala, he did not experience further attacks. In short, while other interpretations of the record are plausible, we defer to the IJ's and the BIA's determination that Paredes Esquivel failed to demonstrate that he is more likely than not to be tortured if removed to Guatemala.

Lastly, Paredes Esquivel asserts that the IJ erred in finding that the assailants were "rogue agents," and that this erroneous determination infected the IJ's and the BIA's analysis on likelihood of future harm.  Pet'r Br. 20.  He argues that, had the BIA applied the "color of law" standard adopted by our sister circuits, *see Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014); *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009), the BIA would have found that the police officers were acting in an official capacity and would have had to consider evidence of corruption within the Guatemalan police force in assessing the likelihood of future harm.  Not so.

Regardless of the applicable standard, here, Paredes Esquivel's claim still fails because the BIA's determination as to the likelihood of future harm directed specifically at Paredes Esquivel was supported by substantial evidence.  *See Denis v. Att'y Gen. U.S.*, 633 F.3d 201, 218 (3d Cir. 2011) (stating that petitioner bears the burden of showing that the alleged torturers will "more likely than not specifically target him"); *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003) (noting that while country conditions may be relevant for assessing likelihood of future torture, "these statements alone are insufficient to demonstrate that it is more likely than not that *a particular civilian*, in this case [the petitioner], will be tortured" (emphasis added)).  We leave for another day the question of the proper test for determining whether police officers are rogue agents or acting in an official capacity.

**IV.**

For these reasons, we will deny Paredes Esquivel's petition for review.

6